UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MUATAZ YAHYA ABDULJABBAR AL KHATEEB,<br><br>    Plaintiff,<br>    v.<br><br>UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES ET AL,<br><br>    Defendants. | CASE NO. 2:24-CV-00836-TL<br><br>ORDER ON MOTION TO REMAND |

  This is an action for adjudication of a naturalization application. This matter is before the Court on Defendants' Motion to Remand Pursuant to 8 U.S.C. § 1447(b). Dkt. No. 7. Having reviewed Plaintiff Muataz Yahya Abduljabbar Al Khateeb's response (Dkt. No. 9), Defendants' reply (Dkt. No. 12), and the relevant record, the Court GRANTS the motion and REMANDS this matter to the United States Citizenship and Immigration Services ("USCIS") with instructions.

On June 11, 2024, Plaintiff commenced this action. Dkt. No. 1. Plaintiff filed his naturalization application on November 25, 2021, and completed an interview on November 22, 2022, but his application remains pending. Dkt. No. 1 at 1. Defendants now request that the Court "remand the matter to USCIS with instructions to schedule [Plaintiff's] follow-up interview within 30 days of the remand order and then adjudicate his Form N-400 within 30 days of the interview." Dkt. No. 7 at 2; *see also* Dkt. No. 12 (reply). USCIS states that adjudication will be completed within 60 days of the Court remanding this matter. *See* Dkt. No. 8 (Cortolillo declaration) ¶ 6. Plaintiff opposes remand and asks the Court to adjudicate the application itself.[1] Dkt. No. 9.

"A person seeking naturalization must file an application with the USCIS." *Yith v. Nielsen*, 881 F.3d 1155, 1159 (9th Cir. 2018). "[I]f a USCIS employee fails to make a determination 'as to whether the application should be granted or denied' . . . 'before the end of the 120-day period after the date on which the examination is conducted,' then the applicant 'may apply to the United States district court for the district in which the applicant resides for a hearing on the matter.'" *Id.* (quoting 8 U.S.C. § 1447(b)). "The district court 'has jurisdiction over the matter and may either determine the matter or remand the matter, with appropriate instructions, to the [USCIS] to determine the matter.'" *Id.* (quoting 8 U.S.C. § 1447(b)) (alteration in original). In other words, the district court is *not required* to hear the matter; instead, the district court has the discretion to "either determine the matter or remand the matter." 8 U.S.C. § 1447(b). The district court's jurisdiction is exclusive. *See United States v. Hovsepian*, 359 F.3d 1144, 1164 (9th Cir. 2004).

---

[1] The Court acknowledges that Plaintiff wished for his application to be adjudicated prior to the November 2024 election in order to allow him to vote (*see* Dkt. No. 9 at 1), but notes that the noting date for this motion was after election day.

ORDER ON MOTION TO REMAND - 2

      Here, the Court finds that remand to USCIS is appropriate. The agency has offered to conduct a follow-up interview with Plaintiff within 30 days of remand and adjudicate his application within 30 days of the interview. *See* Dkt. No. 9 ¶ 8. This timeline is reasonable and falls squarely within similar timelines ordered by other courts in the Ninth Circuit. *See, e.g.*, *Zhai v. Jaddou*, No. C23-1892, 2024 WL 1701973 (W.D. Wash. Apr. 19, 2024) (ordering adjudication within 60 days of order); *Louayme v. Mayorkas*, No. C23-1009, 2023 WL 5516303, at *2 (E.D. Cal. Aug. 25, 2023) (ordering adjudication within 30 days of order), *report and recommendation adopted*, 2023 WL 6215361 (Sept. 25, 2023); *Shahri v. USCIS Sacramento Field Off.*, No. C21-1571, 2022 WL 1658737, at *1 (E.D. Cal. May 25, 2022) (ordering adjudication within 120 days of order), *report and recommendation adopted*, 2022 WL 4484113 (Sept. 27, 2022); *Rashid v. Dep't of Homeland Security*, No. C14-2109, 2017 WL 1398847, at *2 (E.D. Cal. Apr. 19, 2017) (ordering adjudication within 60 days of order); *Gill v. Crawford*, No. C15-1633, 2016 WL 880952, at *2 (E.D. Cal. Mar. 8, 2016) (same).

      Moreover, contrary to Plaintiff's assertion (Dkt. No. 9 at 6), USCIS is better suited than this Court to adjudicate Plaintiff's application. *See I.N.S. v. Ventura*, 537 U.S. 12, 17 (2002) (noting that courts "should remand a case to an agency for decision of a matter that statutes place primarily in agency hands," a principle with "obvious importance in the immigration context"); *Shahri*, 2022 WL 1658737, at *1 ("Here, like the majority of courts that have remanded naturalization applications to USCIS, the [undersigned] finds the executive branch is in a better position than this Court to decide Plaintiff's naturalization application." (quoting *Singh v. Crawford*, No. C13-1894, 2014 WL 1116989, at *3 (E.D. Cal. Mar. 19, 2014))). Eligibility for naturalization is a fact-intensive inquiry, and USCIS is better positioned to conduct the kinds of investigation and fact-gathering required to evaluate Plaintiff's application. *See Ventura*, 537 U.S. at 17 ("The agency can bring its expertise to bear upon the matter; it can evaluate the

evidence; it can make an initial determination; and, in doing so, it can, through informed discussion and analysis, help a court later determine whether its decision exceeds the leeway that the law provides.").

Finally, Plaintiff makes various claims that USCIS has demonstrated a lack of good faith (Dkt. No. 9 at 4), that remand would "forc[e] Plaintiff to re-file the case and re-request relief" (*id.*), and that remand would "likely result in continued inaction" (*id.*). USCIS "acknowledges the delay in processing and attributes the delay to relevant issues, such as whether [Plaintiff] can establish good moral character as required by 8 U.S.C. § 1427." Dkt. No. 12 at 3. Plaintiff offers no evidence to suggest that the agency's explanation is incorrect or dishonest; in the absence of such evidence, the Court presumes that USCIS is "act[ing] properly and according to law." *Kohli v. Gonzales*, 473 F.3d 1061, 1068 (9th Cir. 2007) (quoting *Fed. Commc'ns Comm'n v. Schreiber*, 381 U.S. 279, 296 (1965)). If Plaintiff's application is ultimately denied, he may seek judicial review after a hearing before an immigration officer. *See* 8 U.S.C. § 1421(c); *Nogami v. Garland*, No. C21-8019, 2022 WL 2764368, at *4 (C.D. Cal. July 13, 2022) ("[T]hese and the other concerns raised can all be more properly addressed on a full record upon judicial review if [plaintiff's] application is denied."); *Gill*, 2016 WL 880952, at *2 ("[B]oth Plaintiff and the Court will benefit if USCIS first applies its unique expertise in immigration law to create a clear record for review.").

Accordingly, it is hereby ORDERED:

(1) The Court GRANTS Defendant's motion to remand (Dkt. No. 7).

(2) The Court REMANDS this matter to the United States Citizenship and Immigration Services with the following instructions:

  a. USCIS SHALL conduct a follow-up interview with Plaintiff **within thirty (30) days** of this Order.

ORDER ON MOTION TO REMAND - 4

    b.  USCIS SHALL render a final determination on Plaintiff's application **within thirty (30) days** of the follow-up interview.

(3) The Court DIRECTS the Parties to file a joint status report **within seven (7) days** of completion of adjudication by USCIS.

(4) The Court STAYS this matter pending a further Order to reopen or dismiss.

Dated this 17th day of December 2024.

                  _____
                  Tana Lin
                  United States District Judge